UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARNESS THOMAS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-1993 ERW |
| PAMELA NASH, et al. | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on "Defendant Pamela Nash's Motion to Dismiss" [ECF No. 1].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court accepts as true the following facts alleged in Plaintiff Marness Thomas's ("Plaintiff") Complaint [ECF No. 1]. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). Plaintiff was employed by Southwestern Bell Telephone Company ("Southwestern Bell") for 15 years. On May 17, 2013, Plaintiff filed a charge of discrimination (hereinafter "Charge") with the Missouri Commission on Human Rights ("MCHR") against AT&T[1] alleging disability discrimination. She received a Notice of a Right to Sue letter from the MCHR on July 18, 2014. Subsequently, Plaintiff filed suit for disability discrimination asserting claims against both her corporate employer and Defendant Pamela Nash ("Nash"), Plaintiff's supervisor at Southwestern Bell.

---

[1] Southwestern Bell is the wholly owned subsidiary of AT&T. Plaintiff incorrectly identified AT&T as her employer in her original Charge, as well as in her original complaint. Hereinafter, Plaintiff's employer will be correctly identified as Southwestern Bell for clarity.

1

Plaintiff claims Nash divulged her personal medical information, specifically relating to her asthma and hypertension conditions, to other employees. Additionally, she says Nash harassed her by appearing at her home uninvited, made unwanted phone calls, and "stalk[ed] her" by driving past her home. Plaintiff filed a complaint with management concerning Nash's behavior, whereupon Plaintiff was moved to another department. Irrespective of this, Plaintiff asseverates Nash continued to harass Plaintiff.

The continued harassment by Nash, and lack of intervention or accommodation by Southwestern Bell, Plaintiff asserts, led to her taking leave from April to August 2014, based on her exacerbated medical conditions and mental stress. Plaintiff left her employment on August 11, 2014, claiming she was constructively discharged. Plaintiff then filed a Charge with the MCHR, followed by this suit alleging unlawful employment practices and disability discrimination against both Southwestern Bell and Nash.

## II. LEGAL STANDARDS

Under FRCP 12(b)(1), a party may move to dismiss a claim for "lack of subject-matter jurisdiction." The first step is determining if the 12(b)(1) motion is a facial or factual attack. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). A facial attack is a motion attacking the complaint on its face while a factual attack is based on the existence of subject matter jurisdiction apart from any pleadings. *Id*. at 729 n. 6. Nash has made a facial attack, thus the Court will only look at the pleadings and apply the same standard and protections as if this was a Rule 12(b)(6) motion. *Id*.

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is

entitled to relief." To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. MHRA STANDARD

Nash argues the Court should dismiss Plaintiff's MHRA claim against her because Plaintiff did not exhaust her administrative remedies by failing to name Nash individually in her Charge of Discrimination.[2] *See Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo. 2009); *Borders v. Trinity Marine Prods.,* No. 1:20 CV 146, 2010 WL 5139343 at *2 (E.D. Mo. Dec. 9, 2010). In her Charge, Plaintiff only names AT&T (later correctly identified as Southwestern Bell) as the respondent in her Charge.

The MHRA provides:

"Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing…which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission…"

Mo. Rev. Stat. § 213.075(1) (2014). In order to initiate an action under the MHRA, a plaintiff must first exhaust her administrative remedies; she "must timely file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). The requirement plaintiff exhaust remedies first is to provide the administrative bodies an opportunity to investigate allegations, work with parties toward voluntary compliance and conciliation, and give notice to the respective parties of the allegations. *Id.*

Individuals can be held liable in their individual capacities on a claim under the MHRA. *Hill,* 277 S.W.3d at 669. (citations omitted). However, if a plaintiff fails to specifically name an

---

[2] The Court applies Missouri law here because the MHRA is a Missouri state claim brought pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

individual in the Charge, dismissal of any subsequent civil claims against the individual may result pursuant to FRCP 12(b)(6) for failure to exhaust administrative remedies. *Hill*, 277 S.W.3d at 669.

In *Hill v. Ford Motor Company*, the Missouri Supreme Court reasoned requiring an individual to be named in a charge in order to be included in the later civil suit serves two purposes: "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id., citing Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir. 1977). However, the failure to name an individual in the initial charge may be forgiven if there is a "substantial identity of interests" between those named in the charge and those not included in the charge, but named in the judicial complaint. *Hill*, 277 S.W.3d at 669; *Jackson v. Mills Properties*, No. 4:11 CV 419SNLJ, 2011 WL 3607920 at *2 (E.D. Mo. Aug. 12, 2011). In analyzing whether a "substantial identity of interests" exists, the Missouri Supreme Court identified four factors a court should consider when determining if the plaintiff's failure to name an individual defendant in the administrative charge is fatal to a later-brought judicial claim against the unnamed defendant. *Hill*, 277 S.W.3d at 669. These four factors are:

> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC [or MCHR] complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings [or MCHR] resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Hill,* 277 S.W.3d at 669-709; *See also Borders*, 2010 WL 5139343 at *2; *Jackson*, 2011 WL 3607920 at *2; *Eckerman v. KMBC-TV*, No. 08-00994-CV-W-DGK, 2009 WL 98337587, at *1-

5

2 (W.D. Mo. Jul. 17, 2009) (indicating various federal district courts adopting the *Hill* and *Glus* factors).

## IV. DISCUSSION

It is undisputed Plaintiff failed to name Nash in her Charge of Discrimination. Therefore, the inquiry is whether Plaintiff's failure to exhaust her administrative remedies has prejudiced Nash. A trial court lacks authority to review any claims a plaintiff has failed to exhaust at the administrative level. *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 (Mo. Ct. App. 2010). Applying the four *Hill* factors, the Court concludes Plaintiff has failed to sufficiently demonstrate a "substantial identity of interests" between the corporate defendant (Southwestern Bell) named in Plaintiff's Charge of Discrimination and the individual defendant (Nash) not included in Plaintiff's administrative charge, but named in the subsequent civil suit. Nash's Motion to Dismiss will be granted.

### A. Plaintiff's knowledge of Nash's role in the alleged discrimination

Plaintiff had actual knowledge of Nash's role at the time of filing the MCHR Charge, as it was Nash's specific conduct which formed the basis of Plaintiff's complaint. *Eckerman*, 2009 WL 98337587, at *3 (stating since it was "patently obvious" plaintiff knew of individual defendant's role before filing the charge, the factor weighed in favor of dismissal). Moreover, Nash was Plaintiff's direct supervisor. Plaintiff certainly could have ascertained Nash's personal information and individually named her in the Charge had she intended to pursue individual claims against her. Even if Plaintiff did not originally know of Nash's involvement, the MHRA specifically provides a procedure for joining additional individuals not named in the initial charge. Mo. Rev. Stat. § 213.075(4). Plaintiff failed to follow any of the outlined procedures.

Therefore, Plaintiff knew of Nash's role at the time of filing the Charge, and failed to provide Nash with requisite notice of her allegations by not individually naming Nash.

### B. Similarity of interests between Southwestern Bell and Nash

Nash's interests cannot be said to be so similar to Southwestern Bell's it would be unnecessary to include her in the MCHR proceedings. The risk of an individual being personally sued is very different from a suit against their employer. *Borders*, 2010 WL 5139343, at *3; *Jackson*, 2011 WL 3607920, at *3. An individual with personal assets at stake has a stronger interest in the conciliation process when exposed to personal liability. *See Eckerman*, 2009 WL 98337587 at *3 (stating that an individual is not economically synonymous with his employer). Because Nash's economic position is not at all similar to Southwestern Bell's, it was necessary for her to be included in the administrative proceedings and subsequent civil suit.

### C. Actual prejudice to Nash

An unnamed party is prejudiced by being subjected to liability when they were unable to respond to the MCHR investigation or engage in conciliation. *Borders*, 2010 WL 5139343 at *3; *Jackson*, 2011 WL 3607920 at *3. However, here, there is no evidence conciliation with Southwestern Bell was either attempted or offered. Thus, there is simply not enough evidence to determine whether Nash's absence from the conciliation process prejudiced her or not, as no conciliation with the named party occurred. *Eckerman*, 2009 WL 98337587 at *3. Consequently, this factor weighs in neither party's favor.

### D. Nash was not the alter ego of Southwestern Bell

There is no evidence Nash held herself out to be the virtual alter ego of her employer, Southwestern Bell. *See Borders*, 2010 WL 5139343 at *3. The argument the individual is the company simply by virtue of her employment with the company would make every employee of

every corporate defendant subject to a discrimination lawsuit even when he or she is unnamed in the Charge. *Jackson*, 2011 WL 3607920, at *3. Because there is no evidence to indicate Nash is the alter ego of Southwestern Bell or is so intertwined a person would have a reasonable belief her legal identity is one and the same of her employer, this factor also favors dismissal.

**V. Conclusion**

In balancing the four *Hill* factors, this Court does not find a substantial identity of interests between Nash and Southwestern Bell. Plaintiff's failure to individually name Nash in the MCHR Charge precludes her from subsequently naming her in a civil suit. Nash is not subject to individual liability in this case, as Southwestern Bell is the only defendant named in Plaintiff's MCHR Charge.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nash's Motion to Dismiss [ECF No. 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Marness Thomas's claims against Defendant Pamela Nash are hereby **DISMISSED** without prejudice.

So Ordered this 17th Day of March, 2015.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**