UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARNICE R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01993 ERW |
| | ) | |
| SOUTHWESTERN BELL TELEPHONE COMPANY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Southwestern Bell Telephone Company's Motion for Summary Judgment [ECF No. 30].

### I. BACKGROUND

On October 15, 2014, Plaintiff Marnice R. Thomas ("Plaintiff") filed a petition in the Circuit Court of the County of St. Louis, Missouri, alleging AT&T and Pamela Nash discriminated against her on the basis of her disability in violation of Missouri Revised Statutes §§ 213.055 and 213.070 [ECF No. 8]. On December 2, 2014, AT&T removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. On December 16, 2014, the Court granted AT&T's motion to substitute improper defendant and Defendant Southwestern Bell Telephone Company ("Defendant") was added as the correct defendant [ECF No. 11].

Plaintiff's Petition alleges her former supervisor, Pamela Nash, and Defendant retaliated against her as a result of Plaintiff reporting Defendant to the Missouri Human Rights Commission ("MHRC") for disability discrimination. According to the Petition, in her charge of discrimination, Plaintiff alleged her personal medical information was disclosed by Pamela Nash to other employees and Plaintiff suffered from asthma and hypertension. ECF No. 8. Plaintiff

1

also alleges she was constructively discharged after she was forced to leave due to harassment from Pamela Nash and Defendant failed to accommodate her disability.

Defendant filed this Motion for Summary Judgment asserting Plaintiff did not administratively exhaust her claims, she did not suffer an adverse employment action by Defendant, and neither her asthma nor hypertension qualify as a disability, because they do not substantially limit any major life activities.

*A. Uncontroverted Facts*

From May 18, 1999, until August 4, 2014, Plaintiff worked for Defendant as a service representative. ECF Nos. 32, 34. During the period August 2011, until May 2013, Pamela Nash was Plaintiff's immediate supervisor. ECF Nos. 32, 34. Ms. Nash never issued any discipline to Plaintiff, reduced her pay, changed her work hours, or changed her job duties. ECF Nos. 32, 34. On May 17, 2013, Plaintiff filed a charge of discrimination against Defendant Southwestern Bell. ECF Nos. 32, 34. Ms. Nash was not aware of this charge until after this lawsuit was filed. ECF Nos. 32, 34. After a leave of absence, Plaintiff returned to work on June 12, 2013, and she was assigned to a new manager, Gail Sanders, on a different floor of the building. ECF Nos. 32, 34. In October 2013, Ms. Nash was transferred to a different building than the one Plaintiff occupied. ECF Nos. 32, 34.

On July 1, 2014, Plaintiff filed a second charge of discrimination against AT&T for disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and MCHR. ECF Nos. 32, 34. In her charge, Plaintiff specified "retaliation" as the basis of her claim. ECF Nos. 32, 34. Plaintiff asserted Ms. Nash made unwelcomed visits to her home and unwanted phone calls in 2013. ECF Nos. 32, 34. Plaintiff further asserted Ms. Nash continued the harassment and phone calls, and on June 15, 2014, made an unwelcomed visit to her home,

all of which Plaintiff alleged was retaliation for her complaint of unlawful employment practices. ECF Nos. 32, 34. Plaintiff also specified "disability" as the basis of her claim, and stated "I believe I have been discriminated against due to my disability." ECF Nos. 32, 34.

In the summer of 2014, all service representatives at Defendant's location in Des Peres, Missouri, were notified their positions were being eliminated and they could either quit with a voluntary severance payment or attempt to find a different position within the company.[1] ECF Nos. 32, 24. On July 28, 2014, Plaintiff signed documentation accepting a voluntary severance payment. ECF Nos. 32, 34. Plaintiff's employment with Defendant ended on August 4, 2014. ECF Nos. 32, 34. She was on leave from April 2014, until the end of her employment. ECF Nos. 32, 34.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

---

[1] Plaintiff disputes she was notified in a timely manner she could find a different position within the company. ECF Nos. 34, 42.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light

most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

**III. DISCUSSION**

Plaintiff asserts three claims in her Petition. ECF No. 8. The first is a claim of disability discrimination on the basis Defendant did not accommodate Plaintiff's medical condition. In her second claim, Plaintiff alleges she was constructively discharged when she was not given a timely option to pursue another job in the company. Plaintiff's third claim alleges Ms. Nash retaliated against her through Ms. Nash's alleged harassment and stalking following Plaintiff's charge of discrimination against Defendant. Defendant argues Plaintiff did not suffer any adverse event against her for purposes of retaliation, and the asthma and hypertension alleged in Plaintiff's Petition do not rise to the level of a disability and do not substantially limit any of Plaintiff's major life activities. Lastly, Defendant contends Plaintiff has failed to administratively exhaust her claims.

*A. Administrative Exhaustion*

Plaintiff's failure to accommodate her disability claim cannot succeed because Plaintiff has failed to exhaust this claim in her charges of discrimination filed with the EEOC and MCHR. "Exhaustion of administrative remedies is a condition precedent to the filing of a claim of failure to accommodate under the ADA." *Evans v. Hardee's Food Sys., Inc.*, No. 4:12CV01675 ERW, 2013 WL 6732105, at *6 (E.D. Mo. Dec. 19, 2013) (citing *McNeil v. Metro*, 748 F.Supp.2d 1047, 1056 (E.D.Mo. Oct. 25, 2010); Mo. Rev. Stat. § 213.075. For exhaustion to be achieved, the charges of discrimination must supply the employer with notice of the subject matter and the basis of the claim. *Evans*, 2013 WL 6732105 at *6.

5

A claimant must exhaust her administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or EEOC or obtaining a right-to-sue letter. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Although administrative claims are interpreted liberally, to deem administrative remedies exhausted, Plaintiff's claims in her petition must be "like or reasonably related to the allegations of the [administrative] charge." *Tart*, 31 F.3d at 671 (quoting *Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986)). The judicial suit may be only "as broad as the scope of the [administrative] 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Id*. (quoting *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988)).

Here, similarly to *Evans*, Plaintiff's July 2014 charge of disability discrimination to the EEOC and MCHR, on which Plaintiff's Petition is based, consists entirely of checking the box marked "disability" and stating "I am a person with a disability" and "I believe I have been discriminated against due to my disability…" ECF No. 32-4. Nowhere in the charge of discrimination does Plaintiff identify her claim Defendant failed to accommodate her by not relocating her to another building. Further, Plaintiff's claim of failure to accommodate has changed since the filing of her Petition. In her Petition, Plaintiff alleges her disability which was not accommodated was asthma and hypertension. ECF No. 8. In her response to Defendant's Motion for Summary Judgment, Plaintiff is arguing her disability is adjustment disorder, schizophrenia and dementia. ECF No. 34-2. None of these are mentioned in her charge of discrimination before the MCHR and EEOC. Plaintiff's failure to exhaust this claim resulted in depriving the MCHR or EEOC of its opportunity to perform its investigatory role into the merits of Plaintiff's disability discrimination claims. *See Evans,* 2013 WL 6732105 at *7. Because

A claimant must exhaust her administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or EEOC or obtaining a right-to-sue letter. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Although administrative claims are interpreted liberally, to deem administrative remedies exhausted, Plaintiff's claims in her petition must be "like or reasonably related to the allegations of the [administrative] charge." *Tart*, 31 F.3d at 671 (quoting *Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986)). The judicial suit may be only "as broad as the scope of the [administrative] 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Id*. (quoting *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988)).

Here, similarly to *Evans*, Plaintiff's July 2014 charge of disability discrimination to the EEOC and MCHR, on which Plaintiff's Petition is based, consists entirely of checking the box marked "disability" and stating "I am a person with a disability" and "I believe I have been discriminated against due to my disability…" ECF No. 32-4. Nowhere in the charge of discrimination does Plaintiff identify her claim Defendant failed to accommodate her by not relocating her to another building. Further, Plaintiff's claim of failure to accommodate has changed since the filing of her Petition. In her Petition, Plaintiff alleges her disability which was not accommodated was asthma and hypertension. ECF No. 8. In her response to Defendant's Motion for Summary Judgment, Plaintiff is arguing her disability is adjustment disorder, schizophrenia and dementia. ECF No. 34-2. None of these are mentioned in her charge of discrimination before the MCHR and EEOC. Plaintiff's failure to exhaust this claim resulted in depriving the MCHR or EEOC of its opportunity to perform its investigatory role into the merits of Plaintiff's disability discrimination claims. *See Evans,* 2013 WL 6732105 at *7. Because

A claimant must exhaust her administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or EEOC or obtaining a right-to-sue letter. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Although administrative claims are interpreted liberally, to deem administrative remedies exhausted, Plaintiff's claims in her petition must be "like or reasonably related to the allegations of the [administrative] charge." *Tart*, 31 F.3d at 671 (quoting *Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986)). The judicial suit may be only "as broad as the scope of the [administrative] 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Id*. (quoting *Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir. 1988)).

Here, similarly to *Evans*, Plaintiff's July 2014 charge of disability discrimination to the EEOC and MCHR, on which Plaintiff's Petition is based, consists entirely of checking the box marked "disability" and stating "I am a person with a disability" and "I believe I have been discriminated against due to my disability…" ECF No. 32-4. Nowhere in the charge of discrimination does Plaintiff identify her claim Defendant failed to accommodate her by not relocating her to another building. Further, Plaintiff's claim of failure to accommodate has changed since the filing of her Petition. In her Petition, Plaintiff alleges her disability which was not accommodated was asthma and hypertension. ECF No. 8. In her response to Defendant's Motion for Summary Judgment, Plaintiff is arguing her disability is adjustment disorder, schizophrenia and dementia. ECF No. 34-2. None of these are mentioned in her charge of discrimination before the MCHR and EEOC. Plaintiff's failure to exhaust this claim resulted in depriving the MCHR or EEOC of its opportunity to perform its investigatory role into the merits of Plaintiff's disability discrimination claims. *See Evans,* 2013 WL 6732105 at *7. Because

Plaintiff has failed to administratively exhaust her failure to accommodate her disability claim, the Court will grant summary judgment in favor of Defendant.

Likewise, Plaintiff's July 2014 charge of discrimination does not allege any fact which would notify the MCHR and EEOC and Defendant of Plaintiff's constructive discharge on the grounds Plaintiff advances in her Petition and Affidavit. ECF No. 32-4. It is impossible for Plaintiff's charge to have included this information as Plaintiff's discharge post-dated the charge of discrimination filed with the MCHR and EEOC. Further, Plaintiff's reasoning for her constructive discharge has changed since the filing of her Petition. In her Petition, Plaintiff asserts she left her employment with Defendant due to the harassment by Ms. Nash and a failure to accommodate her disability. ECF No. 8. In her response to Defendant's Motion for Summary Judgment, Plaintiff argues she was forced to leave because she was not given the opportunity to sign up for the program to find a different position within the company. ECF No. 34-2. There was no basis from which either of these claims could have grown from the MCHR or EEOC's investigation based on Plaintiff's charge of discrimination filed with the MCHR and EEOC. Plaintiff should have filed an additional charge with the MCHR or EEOC after she was allegedly constructively discharged from the company. The Court finds summary judgment in favor of Defendant on Plaintiff's failure to accommodate claim and constructive discharge claim is proper.

B. *Retaliation Claims*

Plaintiff's second claim is for retaliation. Plaintiff alleges Ms. Nash retaliated against her after she filed her initial charge of discrimination in 2013. Plaintiff states in her Response to Defendant's Statement of Uncontroverted Material Facts, she withdraws her claim for retaliation. ECF No. 34. Additionally, Plaintiff makes no arguments in support of her retaliation claim, nor

7

does she submit any facts in support of the claim. Therefore, the Court will dismiss Plaintiff's claim on the basis of retaliation.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant Southwestern Bell Telephone Company's Motion for Summary Judgment [ECF No. 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendant Southwestern Bell Telephone Company are **DISMISSED, with prejudice**.

So Ordered this 9th day of May, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE