UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARNICE R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-01993 ERW |
| | ) | |
| SOUTHWESTERN BELL TELEPHONE COMPANY, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Judgment Entered in the Above Matter [ECF No. 48].

I. **BACKGROUND**

On October 15, 2014, Plaintiff Marnice R. Thomas ("Plaintiff") filed a petition in the Circuit Court of the County of St. Louis, Missouri, alleging AT&T and Pamela Nash discriminated against her on the basis of her disability in violation of Missouri Revised Statutes §§ 213.055 and 213.070 [ECF No. 8]. On December 2, 2014, AT&T removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. On December 16, 2014, the Court granted AT&T's motion to substitute improper defendant and Defendant Southwestern Bell Telephone Company ("Defendant") was added as the correct defendant [ECF No. 11].

Plaintiff's Petition alleged her former supervisor, Pamela Nash, and Defendant retaliated against her as a result of Plaintiff reporting Defendant to the Missouri Human Rights Commission ("MHRC") for disability discrimination, she was constructively discharged due to harassment from Pamela Nash, and Defendant failed to accommodate her disability. Defendant moved for summary judgment and the Court granted summary judgment in Defendant's favor, dismissing Plaintiff's claims, on May 9, 2016. The Court ruled Plaintiff had failed to

1

administratively exhaust her failure to accommodate her disability claim and dismissed her retaliation claim after Plaintiff withdrew the claim in her response to Defendant's motion.

On June 3, 2016, Plaintiff filed a Motion to Alter or Amend the Judgment asking the Court to reverse its summary judgment order and find there is a genuine issue of material fact as to whether Defendant provided a reasonable accommodation.

## II.    STANDARD

Defendant's Motion is timely filed in accordance with Federal Rule of Civil Procedure 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See* Fed.R.Civ.P. 59(e). Rule 59(e) was originally "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (quoting Notes of Advisory Committee on 1946 Amendment to Rules).

Rule 59(e) motions are used to correct manifest errors of law or fact, or to present newly discovered evidence. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P. T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

## III.   DISCUSSION

Plaintiff argues, in her Motion, the Court made an incorrect finding Plaintiff failed to exhaust her administrative remedies. Plaintiff asserts administrative remedies are subject to equitable defenses such as waiver and futility. Plaintiff contends it was futile for her to file a charge about a failure to accommodate because the EEOC had not investigated her prior charges.

Plaintiff also states Defendant waived any claim to surprise or to require more information be included in the charge of discrimination because Defendant had direct contact with Plaintiff's psychiatrist and knew the exact nature of Plaintiff's disability.

Plaintiff attempts to raise new arguments in her Motion which could have been raised when the Court was deciding Defendant's Motion for Summary Judgment. Although Plaintiff claims she raised these arguments in her response to Defendant's motion, the Court has carefully reviewed all of the briefings presented at summary judgment and finds these arguments were not raised. In Plaintiff's response, she argues she does have a legal disability and she was constructively discharged. She makes no mention of futility or Defendant's waiver, even though Defendant raised the argument Plaintiff failed to exhaust her administrative remedies in its initial Motion. Plaintiff's argument she raised this in her prior response focuses on whether she asserted facts to support futility or waiver. Including facts but not raising the legal argument the facts support does not meet the standard for a Rule 50(e) motion. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.") Therefore, the Court will deny Plaintiff's motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment Entered in the Above Matter [ECF No. 48] is **DENIED**.

So Ordered this 8th day of August, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE